IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LIDIA G. BISTRIKA,

        Plaintiff,

                                    3:12-CV-2246-PK

                                      FINDINGS AND

v.                                    RECOMMENDATION

SALEM/KEIZER SCHOOL DISTRICT and
CANNON COCHRAN MANAGEMENT
SERVICES, INC.

        Defendants.

PAPAK, Magistrate Judge:

        Plaintiff *pro se* Lidia Bistrika filed this action against defendants Salem/Keizer School

District (the "District") and Cannon Cochran Management Services, Inc. ("Cannon"), on

December 13, 2012. By and through her complaint, Bistrika alleges defendants' liability for

wrongful denial of a workers' compensation claim, for termination of her employment in

violation of her protected rights, and for negligence. Bistrika takes the position that this court may properly exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331, based on a federal question purportedly arising out of her claims, and pursuant to 28 U.S.C. § 1332, based on the purported complete diversity of the parties and the amount in controversy.

Now before the court are Bistrika's motion (#3) for appointment of *pro bono* counsel, and defendants' motion (#16) to dismiss Bistrika's claims pursuant to Federal Civil Procedure Rule 12(b)(1) for lack of subject-matter jurisdiction, pursuant to Federal Civil Procedure Rule 12(b)(5) for insufficient service of process, and pursuant to Federal Civil Procedure Rule 12(b)(6) for failure to state a claim on which relief can be granted. I have considered the motions and all of the papers and pleadings on file. For the reasons set forth below, Bistrika's motion (#3) should be denied, Bistrika's action should be referred to the District of Oregon's Pro Bono Representation Program, defendants' motion (#16) should be denied in part and converted in part into a Federal Civil Procedure Rule 56 summary judgment motion as discussed below, Bistrika's complaint should be construed as stating a claim for violation of her constitutionally protected procedural due process rights as discussed below, and the court should dismiss *sua sponte* Bistrika's negligence claim with leave to amend to restate the claim if warranted.

## LEGAL STANDARDS

### I.    Insufficient Service of Process

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988), *citing Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). This is not because service of process is itself a jurisdictional requirement,

but rather because proper service is instead the vehicle by and through which exercise of

jurisdiction is effected:

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-445 (1946). Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

*Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

"However, 'Rule 4 is a flexible rule that should be liberally construed so long as a party

receives sufficient notice of the complaint.'" *Direct Mail Specialists*, 840 F.2d at 688, *quoting*

*United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.

1984). "Nonetheless, without substantial compliance with Rule 4 'neither actual notice nor

simply naming the defendant in the complaint will provide personal jurisdiction.'" *Id.*, *quoting*

*Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

A motion to dismiss for insufficient service of process is governed by Federal Civil

Procedure Rule 12(b)(5). *See* Fed. R. Civ. P. 12(b)(5). Objections to the validity of service of

process must be specific and must identify with particularity the manner in which the plaintiff

has failed to satisfy the requirements for proper service. *See O'Brien v. R.J. O'Brien & Assocs.*,

998 F.2d 1394, 1400 (7th Cir. 1993). However, once service of process is properly challenged,

"the party on whose behalf [service] is made must bear the burden of establishing its validity."

*Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th

Cir. 1981); *see also Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). The courts enjoy

broad discretion either to dismiss an action entirely for failure to effect service or to quash the

defective service and permit re-service. *See SHJ v. Issaquah School District No. 411*, 470 F.3d

1288, 1293 (9th Cir. 2006), *citing Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th

Cir. 1976) ("the choice between dismissal and quashing service of process is in the district court's

discretion.").

## II.    Federal Subject Matter Jurisdiction

The federal courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v.*

*Allapattah Servs.*, 545 U.S. 546, 552 (2005), *citing Kokkonen v. Guardian Life Ins. Co. of*

*America*, 511 U.S. 375, 377 (1994). As such, the courts presume that causes of action "lie[]

outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party

asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also, e.g., Vacek v. United States Postal*

*Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

A motion under Federal Civil Procedure Rule 12(b)(1) to dismiss for lack of subject-

matter jurisdiction may be either "facial" or "factual." *See Safe Air v. Meyer*, 373 F.3d 1035,

1039 (9th Cir. 2004), *citing White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack

on subject-matter jurisdiction, the moving party asserts that a plaintiff's allegations are

insufficient on their face to invoke federal jurisdiction, whereas in a factual attack, the moving

party disputes the factual allegations that, if true, would give rise to subject-matter jurisdiction.

Where a defendant raises a facial challenge to subject-matter jurisdiction, the factual allegations

of the complaint are presumed to be true, and the motion may be granted only if the plaintiff fails

to allege an element necessary for subject matter jurisdiction. *See Savage v. Glendale Union*

*High Sch.*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003).  By contrast, where a defendant raises a factual challenge to federal jurisdiction, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment," *Safe Air v. Meyer*, 373 F.3d at 1039, *citing Savage*, 343 F.3d at 1040 n.2, and "need not presume the truthfulness of the plaintiff's allegations," *id., citing White*, 227 F.3d at 1242.

"Defective allegations of jurisdiction may be amended, upon terms, in trial or appellate courts." 28 U.S.C. § 1653.  It is improper to dismiss an action based on a defective allegation of jurisdiction without leave to amend "unless it is clear, upon de novo review, that the complaint could not be saved by amendment." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002), *citing Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001).

III.    **Failure to State a Claim**

To survive dismissal for failure to state a claim pursuant to FRCP 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" specifically, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To raise a right to relief above the speculative level, "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id., quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004); *see also* Fed. R. Civ. P. 8(a).  Instead, the plaintiff must plead affirmative factual content, as opposed to any merely conclusory recitation that the elements of a claim have been satisfied, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "In sum, for a complaint to

survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009), *citing Iqbal*, 129 S. Ct. at 1949.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In considering a motion to dismiss, this court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007). Moreover, the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994), *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court need not, however, accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

"[A] complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly.*550 U.S. at 562. "[W]here petitioner is *pro se*, the court has an obligation to construe the pleadings liberally and to afford petitioner any benefit of the doubt." *Baker v. McNeil Island Corr. Ctr.*, 859 F.2d 124, 127 (9th Cir. 1988), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## FACTUAL BACKGROUND

### I.    Bistrika's Allegations in Support of Her Claims

In support of her claim styled as "[w]rongful denial of medical claim, Bistrika alleges as follows:

> I sustained a work injury on February 4, 2011. My compensation claim was timely filed and medical evidence was made available in support of my injury. Despite these facts my claim was denied by [defendant Cannon]. This negligently postponed due medical treatment and caused harm to my personal credit which arose out of the unpaid medical bills.

In support of her claim styled as "[w]rongful termination [of] employment," Bistrika alleges as follows:

> My employer threatened to terminate my employment on February 16, 2011. The claim made by my ex-employer in that mailed correspondence is not justified by medical record which suggest that I would not be able to return to my normal work duties until after a series of treatment(s), including the likelihood of surgery. At one point I received a letter from my employer stating that they accept my resignation. A resignation was never formerly submitted and in response to the letter I simply said I would not return my keys and badge until they acknowledge that I am being terminated and not willfully resigning.

There is no clear indication in Bistrika's pleading or elsewhere in the record as to the nature or gravamen of the "claim" made by her "ex-employer" (the District) in its "mailed correspondence" of February 16, 2011.

In support of her claim styled as "[n]egligence resulting in stress and more serious medical condition(s)," Bistrika alleges as follows:

> The negligence and thoughtlessness of both defendants has been the cause of a great deal of stress and undue discord in my life. My medical condition has not become medically stable and is yet to be treated. Considering I am a type II diabetic the fact that treatment has been postponed for so long gives rise to the possibility of a more serious medical condition(s). This employer and insurance agency denied a claim in 2010 which I did not have the time or finances to pursue. This negligent denial resulted in a bakers cyst forming with in the injured knee. I am now disabled because of the impact this had on my diabetes and ability to control my medical condition.

Nothing in Bistrika's pleading or elsewhere in the record clearly disambiguates whether Bistrika intends to allege defendants' negligence in connection with the denial of her workers'

compensation claim of 2010 or in connection with the denial of the workers' compensation claim made following her injury of February 4, 2011, or in what manner defendants were allegedly negligent in connection with either such denial.

In support of her assertion that this court may properly exercise federal-question jurisdiction over her claims, Bistrika alleges that the federal question arises in connection with a deprivation of "fair procedural process for employment termination."

In accordance with the standard of review applicable to defendants' motion to the extent premised on Federal Civil Procedure Rule 12(b)(1) and Rule 12(b)(6), I presume the truth of Bistrika's allegations in support of her claims for purposes of defendants' motion. However, I do not presume the truth of Bistrika's allegation in support of this court's authority to exercise federal-question jurisdiction over her claims, which is a legal rather than a factual question.

## II.    Defendants' Evidentiary Submissions

As noted above, it is ordinarily inappropriate for a court to consider materials outside the pleadings when deciding a facial challenge to subject-matter jurisdiction, *see Savage*, 343 F.3d at 1040, n.2, *citing White*, 227 F.3d at 1242, or a motion to dismiss for failure to state a claim, *see Swartz*, 476 F.3d at 763. However, where a plaintiff's pleading "refers extensively to [a] document or the document forms the basis of the plaintiff's claim," a defendant may offer that document into the evidentiary record and the court may properly consider it as though it were a part of the plaintiff's complaint for purposes of such a motion. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also id.* at 907-908. On the strength of the doctrine of incorporation by reference described in *Ritchie*, defendants herein offer for the court's consideration two documents not attached as exhibits to Bistrika's complaint: an Opinion and Order issued by the

Page 8 - FINDINGS AND RECOMMENDATION

Oregon Workers' Compensation Board on October 9, 2012, by and through which the Board set aside in part the District's March 31, 2011, denial of Bistrika's workers' compensation claim arising out of her injury of February 4, 2011, and a letter from the District to Bistrika dated July 21, 2011, by and through which the District advised Bistrika that it would not "rescind" her purported "resignation."

Bistrika's allegations in support of her claims expressly reference Cannon's denial of Bistrika's workers' compensation claim arising out of her injury of February 4, 2011.  However, Bistrika does not complain regarding the Board's action on appeal from the District's denial of her claim, and does not allege by and through her complaint that she made any appeal therefrom. In consequence, the doctrine of incorporation by reference is inapplicable to the Board's Opinion and Order of October 9, 2012, and this court should not consider it without first converting defendants' pending dispositive motion to a Federal Civil Procedure Rule 56 motion for summary judgment, and giving Bistrika an opportunity to respond with evidence in support of her claims. *See* Fed. R. Civ. P. 12(b); *see also, e.g., Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998).

By contrast, Bistrika's allegations do expressly reference the letter she received from the District advising her of the District's purported acceptance of her resignation.  It appears to be a fair inference that the District's letter of July 21, 2011, is the letter expressly referenced in Bistrika's complaint.  However, Bistrika's complaint does not refer "extensively" to the letter, nor does the letter – which in no way purports to effect Bistrika's termination, but rather presumes that her termination had already been accomplished via other means – appear to form the "basis" of any of Bistrika's claims.  In consequence, the doctrine of incorporation by reference is likewise

inapplicable to the District's letter of July 21, 2011.

For the foregoing reasons, the court should not consider defendants' evidentiary submissions in connection with defendants' pending dispositive motion at this time.

## III.    Relevant Procedural History

Bistrika initiated these proceedings on December 13, 2012. By and through her complaint, Bistrika alleges that she and both defendants are all citizens of the State of Oregon, an allegation that no party disputes.

On February 1, 2013, summons issued in connection with Bistrika's complaint as to both named defendants, and was forwarded to the United States Marshals Service for service. The Marshals effected service on both defendants by certified mail with return receipt requested on February 8, 2013, and executed proof of service was filed as to both defendants on February 15, 2013.

Defendants filed their motion to dismiss Bistrika's claims on March 1, 2013.

## ANALYSIS

## I.    Bistrika's Motion (#3) for Appointment of *Pro Bono* Counsel

Bistrika moves for appointment of *pro bono* counsel to represent her in this action. However, this court is without authority to appoint counsel in a civil action. *Cf.* Fed. R. Crim. P. 44. I therefore recommend that the motion for appointment of *pro bono* counsel be denied.

Notwithstanding the foregoing, I recommend that the court refer this action to the District of Oregon's Pro Bono Representation Program. In light of the evident difficulties Bistrika has experienced in pleading her claims with clarity, and of the possibility (discussed below) that one or more of her claims may have merit, the interests of justice would be served if Bistrika were to

Page 10 - FINDINGS AND RECOMMENDATION

proceed with the assistance of a legal representative.

## II.    Defendants' Motion (#16) to Dismiss

As noted above, defendants move to dismiss Bistrika's claims pursuant to Federal Civil

Procedure Rule 12(b)(1) for lack of subject-matter jurisdiction, pursuant to Federal Civil

Procedure Rule 12(b)(4) for insufficient service of process, and pursuant to Federal Civil

Procedure Rule 12(b)(6) for failure to state a claim on which relief can be granted.  I address each

of defendants' theories in turn below.

### A.    Dismissal for Insufficient Service of Process

As noted above, defendants were served with Bistrika's complaint and summons by

certified mail on February 8, 2013.  Defendants assert, without supporting evidence, that mailed

service on the District was received specifically by Kathryn Nove, its Director of Employee

Relations, and that mailed service on Cannon was received specifically by Denise Stewart,

Claims Manager for Cannon's Salem, Oregon, office.

Assuming *arguendo* the truth of defendants' unsupported assertions, I agree with the

defendants that such service would not be in strict compliance with the rules governing service

on a local-government defendant such as the District or on a corporate defendant such as

Cannon.  Pursuant to Federal Civil Procedure Rule 4(j)(2), service on any "state-created

governmental organization that is subject to suit" such as the District must be effected by either:

> (A)    delivering a copy of the summons and of the complaint to its chief
> executive officer; or
>
> (B)    serving a copy of each in the manner prescribed by th[e] state's law for
> serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).  Because Bistrika did not effect delivery of process to the District's chief

executive officer, Oregon law controls Bistrika's service obligations. *See id.* Pursuant to Oregon Civil Procedure Rule 7, service on any school district of the State of Oregon must be effected "by personal service or office service upon an officer, director, managing agent, or attorney thereof." Or. R. Civ. P. 7(D)(3)(h).[1] The Marshals' effort to effect service of process on Bistrika's behalf deviated from the required procedure in that the Marshals apparently did not deliver or mail a copy of the summons and complaint directly to an "officer, director, managing agent, or attorney" of the District.

Pursuant to Federal Civil Procedure Rule 4(h)(1), service on a corporate defendant such as Cannon must be effected either:

(A)   in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B)   by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. . . .

Fed. R. Civ. P. 4(h)(1). Federal Civil Procedure Rule 4(e)(1) provides that service may properly be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.

---

[1]  Personal service is accomplished through "delivery of a true copy of the summons and a true copy of the complaint to the person to be served," Or. R. Civ. P. 7(D)(2)(a), and office service is accomplished through "leaving true copies of the summons and the complaint at such office during normal working hours with the person who is apparently in charge" if the person to be served maintains "an office for the conduct of business," followed "as soon as reasonably possible" by "caus[ing] to be mailed, by first class mail, true copies of the summons and the complaint to the defendant at defendant's dwelling house or usual place of abode or defendant's place of business or such other place under the circumstances that is most reasonably calculated to apprise the defendant of the existence and pendency of the action, together with a statement of the date, time, and place at which office service was made," Or. R. Civ. P. 7(D)(2)(c).

R. Civ. P. 4(e)(1).  Because Bistrika did not deliver process directly to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on Cannon's behalf, Oregon law again governs Bistrika's service obligations. *See* Fed. R. Civ. P. 4(h)(1).  Pursuant to Oregon Civil Procedure Rule 7, service on a corporation must be effected either "[b]y personal service or office service upon a registered agent, officer, or director of the corporation; or by personal service upon any clerk on duty in the office of a registered agent," Or. R. Civ. P. 7(D)(3)(b)(i), or:

> If a registered agent, officer, or director cannot be found in the county where the action is filed, true copies of the summons and the complaint may be served:
>
> (A)  by substituted service upon such registered agent, officer, or director;
>
> (B)  by personal service on any clerk or agent of the corporation who may be found in the county where the action is filed;
>
> (C)  by mailing in the manner specified in paragraph (2)(d) of this section true copies of the summons and the complaint to the office of the registered agent or to the last registered office of the corporation, if any, as shown by the records on file in the office of the Secretary of State; or, if the corporation is not authorized to transact business in this state at the time of the transaction, event, or occurrence upon which the action is based occurred, to the principal office or place of business of the corporation, and in any case to any address the use of which the plaintiff knows or has reason to believe is most likely to result in actual notice; or
>
> (D)  upon the Secretary of State in the manner provided in ORS 60.121 or ORS 60.731.

Or. R. Civ. P. 7(D)(3)(b)(ii).  The Marshals' efforts on Bistrika's behalf to effect service of process on Cannon deviated from the required procedure in that the Marshals apparently did not deliver or mail a copy of the summons and complaint directly to "a registered agent, officer, or

director of the corporation," and Bistrika made no showing that such a person could not be located in Multnomah County, where her action was filed.

Notwithstanding the foregoing, as noted above the requirements of Rule 4 are "flexible" and should be given a "liberal[] constru[ction]" so long as the defendant "receives sufficient notice of the complaint," and the plaintiff "substantial[ly] compli[es]" with the rule's provisions. *Direct Mail Specialists*, 840 F.2d at 688. Moreover, under Oregon law, which governs Bistrika's service obligations here, it is clear that Rule 7(D) creates only a "'reasonable notice' standard for determining adequate service of summons." *Baker v. Foy*, 310 Or. 221, 224 (1990). Under Rule 7(D), the governing inquiry is whether the method of service employed by the plaintiff was "reasonably calculated to apprise the defendant of the existence and pendency of the action." *Id.* at 225, n. 6; *see also id.* at 225 ("Rather than requiring a particular manner of service to satisfy the standard of adequate service, the rule endorses the process of examining the totality of the circumstances, to determine if the service of summons was reasonably calculated to provide defendant with notice of the action and reasonable opportunity to appear and defend"), *citing Lake Oswego Review v. Steinkamp*, 298 Or 607, 611 (1985).

I find on the facts of this case that service on each defendant by certified mail with return receipt requested at an accurate business address was reasonably calculated to apprise each of the existence and pendency of Bistrika's action. In consequence, I find that Bistrika's method of service was (at minimum) substantially compliant with the service obligations set forth under Rule 4. Moreover, it is undisputed that each defendant promptly received timely actual notice of this action, as is in any event definitively established by the filing date of defendants' motion now before the court. Because Bistrika substantially complied with her service obligations and

because defendants received adequate, timely notice of her action, defendants' motion to dismiss should be denied to the extent premised on insufficient service of process.

**B.    Dismissal for Lack of Subject-Matter Jurisdiction**

Bistrika asserts that this court may properly exercise subject-matter jurisdiction over her claims based both on the purported complete diversity of the parties and the amount in controversy and on a purported federal question arising out of one or more of her claims. Defendants challenge both asserted bases. For the following reasons, I agree with the defendants that this court may not properly exercise diversity jurisdiction over this action, but disagree that this court lacks federal-question jurisdiction over all of Bistrika's claims.

**1.    Diversity Jurisdiction**

Federal district courts may exercise jurisdiction over any civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between," *inter alia*, "citizens of different States." 28 U.S.C. § 1332(a). Complete diversity of citizenship is required, meaning any instance of common citizenship between plaintiffs and defendants defeats federal diversity jurisdiction. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). On the face of Bistrika's complaint, and as no party disputes, all parties to this action are citizens of Oregon. Moreover, there is no indication in Bistrika's complaint that the amount in controversy between the parties exceeds the jurisdictional threshold. In consequence, this court may not properly exercise diversity jurisdiction over Bistrika's action.

**2.    Federal-Question Jurisdiction**

The federal courts may also exercise jurisdiction over any civil action "arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "In general, district

courts have federal-question jurisdiction only if a federal question appears on the *face* of a

plaintiff's complaint." *Brennan v. Southwest Airlines Co.*, 134 F.3d 1405 (9th Cir. 1998)

(emphasis original), *citing Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

By and through her complaint, Bistrika expressly alleges three causes of action against the

defendants, styled as "[w]rongful denial of medical claim," "[w]rongful termination [of]

employment," and "[n]egligence." I agree with the defendants that, on the face of Bistrika's

pleading, none of the three causes of action gives rise to any federal question. As Bistrika's

allegations make clear, her cause of action for "[w]rongful denial of medical claim" arises out of

Cannon's (or, more accurately, the district's) denial of her workers' compensation claim arising

out of her injury of February 4, 2011. The obligation of one or both of the defendants to pay that

claim is purely a creature of state law, *see* Or. Rev. Stat. 656.001 *et seq.*; there is no federal

workers' compensation law of general applicability, and I am aware of no federal workers'

compensation law the protections of which apply to educators employed by non-federal,

state-created school districts, *cf.* 5 U.S.C. §§ 8101 *et seq.* (Federal Employees Compensation

Act); *cf. also* 46 U.S.C. §§ 30104 *et seq.* (Merchant Marine Act of 1920), 33 U.S.C. §§ 901 *et*

*seq.* (Longshore and Harbor Workers' Compensation Act), 30 U.S.C. §§ 901 *et seq.* (Black Lung

Benefits Act), 42 U.S.C. §§ 7384 *et seq.* (Energy Employees Occupational Illness Compensation

Program Act). Because this claim is necessarily governed by Oregon law rather than federal law,

it gives rise to no federal question.

Bistrika's negligence claim is likewise purely a creature of Oregon law, in this instance of

Oregon's common law. *See, e.g., Fazzolari v. Portland School Dist. No. IJ*, 303 Or. 1, 10 (1987).

Page 16 - FINDINGS AND RECOMMENDATION

There is no federal common law of negligence applicable to Bistrika's claim. Bistrika's

negligence claim likewise gives rise to no federal question.

Bistrika's claim styled as "[w]rongful termination [of] employment," however, presents a

murkier question. As noted above, it is difficult to determine from Bistrika's allegations the

manner in which she believes the termination of her employment was wrongful. I agree with the

defendants that her supporting allegations (considered in isolation from the remainder of her

complaint) may plausibly be interpreted as indicating that she believes she was terminated for

filing a workers' compensation claim in connection with her workplace injury of February 4,

2011. To the extent that her allegations could properly be so construed, I further agree with the

defendants that Or. Rev. Stat. 659A.040, rather than any federal law, would provide the exclusive

remedy (because Section 659A.040 provides an applicable remedy, *see* Or. Rev. Stat. 659A.040,

no interstitial, common-law cause of action for wrongful termination would lie, *see Love v. Polk

County Fire Dist.*, 209 Or. App. 474, 482 n.5 (2006)).

However, I note that Bistrika alleges, as the basis of her assertion that this court may

properly exercise federal-question jurisdiction over her claim, that she was deprived of "fair

procedural process for employment termination." Additionally, in opposition to defendants'

motion, Bistrika expressly argues that her "right to a fair procedural process for employment

termination, protected under the 14th Amendment of the United States Constitution, is in

question," apparently in connection with her so-styled wrongful termination claim. I therefore

conclude that Bistrika intends by and through that claim (however styled) to allege defendants'

liability (presumably under 42 U.S.C. § 1983) for a deprivation of her 14th Amendment

procedural due process rights. So construed, this court would have federal-question jurisdiction

over the claim. Moreover, because the claim so construed would arise out of a nucleus of common facts with her expressly alleged claims, and be so related to the expressly alleged claims as to form part of the same controversy, this court could on that construction properly exercise supplemental subject-matter jurisdiction over all of Bistrika's claims.

Mindful of Bistrika's status as a *pro se* litigant with apparently imperfect command of the English language, I therefore recommend that the court construe Bistrika's complaint as stating a claim for wrongful denial of a workers' compensation claim under Oregon's Workers' Compensation law, a claim of negligence arising under Oregon's common law, and a Section 1983 claim for deprivation of her procedural due process rights under the 14th Amendment. The court may properly exercise federal-question jurisdiction over the Section 1983 claim, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over the remaining claims, *see* 28 U.S.C. § 1367. Under that construction, defendants' motion should be denied to the extent premised on lack of subject-matter jurisdiction.

## C.    Dismissal for Failure to State a Claim

As a preliminary matter, I note that the court lacks grounds at this stage of these proceedings to dismiss *sua sponte* Bistrika's constructive procedural due process claim. A public employee may have a constitutionally protected property interest in continued employment where state law or some other source of law so provides, *see  Board of Regents v. Roth*, 408 U.S. 564, 577 (1972), and where such a constitutionally protected interest exists, the public employee is entitled to some degree of procedural due process before the employment relationship may constitutionally be terminated, *see Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Here, it is entirely unclear from Bistrika's allegations to what degree she enjoyed a

protected property interest in continued employment by the District or what procedural process, if any, she was afforded prior to her termination. Absent competent evidence of the nature of Bistrika's employment relationship with the District, or the mechanism by which the termination of her employment was effected, and of the due process she received, if any, before that relationship was terminated, her constructive procedural due process claim should not be dismissed.

Regarding Bistrika's cause of action for wrongful denial of a workers' compensation claim, as to which defendants move for dismissal pursuant to Federal Civil Procedure Rule 12(b)(6), it is not possible to evaluate the merits of defendants' arguments absent consideration of matters extraneous to Bistrika's complaint. Defendants specifically argue that under Or. Rev. Stat. 656.018, the claim procedures provided by Oregon's Workers' Compensation Law provide the exclusive remedy to workers injured in the workplace. I agree with the defendants that, as a matter of Oregon law, "if a worker's injury is compensable under the Workers' Compensation Law, then that remedy is exclusive, and the worker cannot seek" an alternative, judicial remedy. *Dehiya v. Spencer*, 221 Or. App. 539, 544 (2008), *citing Panpat v. Owens-Brockway Glass Container, Inc.*, 334 Or. 342, 348 (2002); *see also* Or. Rev. Stat. 656.018(1)(a); Or. Rev. Stat. 656.018(3). However, without consideration of defendants' proffered evidence (which can properly be considered in the context of a motion for summary judgment but may not be considered in connection with a motion to dismiss for failure to state a claim), it is not possible to determine solely on the basis of Bistrika's allegations whether her injury was in fact compensable under the Workers' Compensation Law. Moreover, the exclusive remedy provision of Section 656.018 is expressly applicable only to an "employer who satisfies the duty required

by ORS 656.017(1)," Or. Rev. Stat. 656.018(1)(a), namely the duty to:

> maintain assurance with the Director of the Department of Consumer and
> Business Services that subject workers of the employer and their beneficiaries will
> receive compensation for compensable injuries . . . and that the employer will
> perform all duties and pay other obligations . . . , by qualifying:
>
> (a)    As a carrier-insured employer; or
>
> (b)    As a self-insured employer as provided by ORS 656.407.

Or. Rev. Stat. 656.017(1). It is similarly not possible to determine the District's compliance with

its Section 656.017(1) obligations, and hence the applicability of the exclusive remedy provision,

without consideration of evidence outside of Bistrika's complaint.

In consequence, the court should convert defendants' motion (to the extent argued under

Rule 12(b)(6) against Bistrika's wrongful denial claim) into a motion for partial summary

judgment brought under Rule 56. Before consideration of the motion's merits so construed,

Bistrika must be given a fair opportunity to respond with evidence, and to conduct any discovery

which may be necessary to obtain such evidence. I therefore recommend that further proceedings

in connection with defendants' constructive motion for partial summary judgment be deferred for

a period of thirty days to afford Bistrika an opportunity to obtain *pro bono* representation, to

confer with *pro bono* counsel, and to prepare a litigation strategy before a scheduling conference

is held to determine an appropriate briefing schedule.

## III.    Bistrika's Negligence Claim

Defendants do not, by and through their motion, address Bistrika's negligence claim.

Analysis of Bistrika's allegations in support of that claim nevertheless establishes that Bistrika

has not alleged facts sufficient to state a claim for negligence. *See Cowan v. Nordyke*, 232 Or.

App. 384, 387-388 (2009) (to state a claim for negligence, a claimant must allege facts which, if proven, would establish either that the purportedly negligent party's conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the claimant, or that by virtue of the purportedly negligent party's status or relationship with the claimant, the purportedly negligent party owed the claimant a duty of care and breached that duty, with consequent damage to the claimant).

"A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6)." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987), *citing Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981), *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357 at 593 (1969). "Such a dismissal may be made without notice where the claimant cannot possibly win relief." *Id.*, *citing Wong*, 642 F.2d at 362. Because Bistrika's allegations are insufficient to state a claim upon which relief can be granted, I recommend that the court dismiss her negligence claim *sua sponte* pursuant to Federal Civil Procedure Rule 12(b)(6), with leave to amend her complaint to restate her claim in the event Bistrika believes she can cure the deficiencies of her supporting allegations.

## CONCLUSION

For the reasons set forth above, (i) Bistrika's motion (#3) for appointment of *pro bono* counsel should be denied, (ii) this action should be referred to the District of Oregon's Pro Bono Representation Program, (iii) defendants' motion (#16) to dismiss should be denied to the extent premised on Federal Civil Procedure Rule 12(b)(5), (iv) Bistrika's complaint should be construed as alleging defendants' liability under 42 U.S.C. § 1983 for violation of her 14th Amendment procedural due process rights, under Oregon's Workers' Compensation Law for

wrongful denial of a workers' compensation claim, and under the Oregon common law for negligence, (v) under the foregoing construction, defendants' motion (#16) to dismiss should be denied to the extent premised on Federal Civil Procedure Rule 12(b)(1), (vi) defendants' motion (#16) to dismiss should be construed to the extent premised on Federal Civil Procedure Rule 12(b)(6) as a motion for partial summary judgment brought under Federal Civil Procedure Rule 56 by and through which defendants seek summary adjudication of Bistrika's Workers' Compensation Law claim, (vii) further proceedings in connection with defendants' constructive motion for partial summary judgment should be deferred for a period of thirty days, following which a scheduling conference should be held before the undersigned judge to determine an appropriate briefing schedule, and (viii) Bistrika's negligence claim should be dismissed *sua sponte* with leave to amend her complaint to restate the claim in the event Bistrika believes she can cure the identified deficiencies of her pleading.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and

will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge.  These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 30th day of May, 2013.

Honorable Paul Papak
United States Magistrate Judge