IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LINDA G. BISTRIKA**,<br><br>            Plaintiff,<br><br>     v.<br><br>**SALEM/KEIZER SCHOOL DISTRICT and CANNON COCHRAN MANAGEMENT SERVICES, INC.,**<br><br>            Defendants. | Case No. 3:12-cv-2246-PK<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION** |

Lidia G. Bistrika, 12040 S.E. Mt. Scott Boulevard, Happy Valley, OR 97086. Plaintiff *pro se*.

John C. Young, Garrett Hemann Robertson P.C., 1011 Commercial Street N.E., P.O. Box 749, Salem, OR 97308-0479

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on May 30, 2013. Dkt. 23. Judge Papak recommended that: (1) Plaintiff's Complaint be construed as asserting claims for improper denial of worker's compensation benefits under Oregon worker's compensation law, negligence under Oregon common law, and violations of procedural due process under 42 U.S.C. § 1983, (2) Plaintiff's motion for appointment of pro bono counsel be denied, but Plaintiff's case be referred to the District of Oregon's Pro Bono

PAGE 1 – ORDER

Representation Program; (3) Defendants' motion to dismiss for insufficient service of process be denied; (4) Defendants' motion to dismiss for lack of subject matter jurisdiction be denied; (5) Plaintiff's claim for negligence be dismissed *sua sponte*; and (6) Defendants' motion to dismiss Plaintiff's claim for improper denial of worker's compensation benefits claims for failure to state a claim be converted to a motion for partial summary judgment and stayed for 30 days so that pro bono counsel may be requested.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Defendants timely filed an objection. Dkt. 27. Defendants object to Judge Papak's recommendation that Defendants' motion to dismiss Plaintiff's claim for improper denial of worker's compensation benefits for failure to state a claim be converted to a partial motion for summary judgment, but only to the extent that Defendants would like to file a motion for summary judgment on all issues with the opportunity to submit supplemental briefing and evidence. Defendants do not object to Judge Papak's conclusion that Defendants' submissions on their motion to dismiss necessarily convert that motion to a motion for partial summary judgment; rather, they request the opportunity to more thoroughly brief a motion for summary judgment on all issues and submit additional evidence. The Court does not read the Findings and Recommendation as precluding Defendants from doing so, and with that reading, hereby ADOPTS that portion of the Findings and Recommendation.

PAGE 2 – ORDER

Plaintiff filed the United States District Court standard form "Motion for Appointment of Counsel" in a civil case. Although the Court cannot require counsel to serve pro bono in a civil case, we have discretion under 28 U.S.C. § 1915(e)(1) to appoint volunteer counsel for indigent civil litigants in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). In determining whether exceptional circumstances exist, a court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Agyeman*, 390 F.3d at 1103. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This Court agrees with Judge Papak's determination that pro bono counsel should be requested in this case. Accordingly, Plaintiff's motion for appointment of pro bono counsel is granted and the court shall appoint pro bono counsel for all purposes.[1]

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

---

[1] For civil cases, the Court conditionally appoints pro bono counsel until counsel returns the "Pro Bono Appointment Response Form" accepting or terminating the appointment.

PAGE 3 – ORDER

Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Papak's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

## CONCLUSION

The Court **ADOPTS** Judge Papak's Findings and Recommendation (Dkt. 23) as modified herein. Plaintiff's Motion for Appointment of Pro Bono Counsel (Dkt. 3) is GRANTED and the Court shall appoint pro bono counsel for all purposes. Plaintiff's Complaint is construed as alleging: (1) violations of Oregon's worker compensation law; (2) a claim under 42 U.S.C. § 1983 for violations of procedural due process; and (3) negligence in violation of Oregon common law. Defendant's Motion to Dismiss (Dkt. 16) is DENIED in part and STAYED in part. Defendant's motion to dismiss Plaintiff's claims for wrongful denial of worker's compensation benefits under Oregon law is construed as a motion for partial summary judgment and stayed for 30 days, after which time Magistrate Judge Papak shall hold a scheduling conference to establish the case schedule going forward. All remaining motions to dismiss by Defendants are DENIED. Plaintiff's claim for common law negligence is DISMISSED *sua sponte* by the Court, with leave to replead the claim should Plaintiff believe she can cure the deficiencies identified in the Findings and Recommendation.

**IT IS SO ORDERED**.

DATED this 31st day of July, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge